**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| NAZIM RUZIEV,<br>Petitioners,<br>v.<br>JAMES JANECKA, et al.,<br>Respondents. | Case No. EDCV 26-4766-AS<br><br>**MEMORANDUM DECISION AND ORDER GRANTING UNOPPOSED PETITION** |

On August 20, 2026, Petitioner Nazim Ruziev (A# 241-024-957) ("Petitioner"), an immigration detainee who is in the custody of United States Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California, and is represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), seeking his immediate release on the grounds that ICE violated due process, the Immigration and Nationality Act, and the Administrative Procedure Act by detaining him on August 18, 2026, without notice or a meaningful opportunity to challenge it. (Dkt. No. 1).

On August 20, the Court issued a Notice of General Order 26-05 and Briefing Schedule that required Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. (Dkt. No. 6). Respondents have not complied or otherwise communicated with the Court about this matter. The Petition is therefore deemed unopposed.

For the reasons set forth below, the Petition is GRANTED, and Respondents are ORDERED to release Petitioner immediately from immigration detention under the same conditions to which he was subject prior to his current detention.[1]

**BACKGROUND**

Petitioner is a citizen of Russia who entered the United States at or near San Ysidro, California, on March 11, 2023, and was detained by immigration authorities and then released into the interior of the United States, subject to reporting requirements and other conditions. (Petition ¶ 1, Ex. A). On July 11, 2024, he submitted an application for asylum and withholding of removal, which remains pending. (Id. ¶ 2, Ex. B).

Since then, Petitioner has lived in Santa Barbara, California, with his wife and two young children for whom he is the sole financial provider. (Id. ¶¶ 3-5). His wife provides full-time care for the children, including their son who suffers from autism and

[1] The parties have consented to proceed before the undersigned United States Magistrate Judge. (See Dkt. Nos. 4-7).

a documented seizure disorder. (Id. ¶ 5). Petitioner has no criminal history, and he has complied with all the conditions of his release. (Id. ¶¶ 6-7, 11-12). Recently, ICE additionally placed a GPS ankle monitor on him, which he has worn without incident. (Id. ¶ 6).

On August 17, 2026, Petitioner received a telephone call from ICE directing him to appear at the ICE office in Camarillo, California, the next morning. (Id. ¶ 8). He was then detained upon arrival, but he was not served with any warrant of arrest or any other document identifying the grounds for his detention, nor has he been informed of such grounds since. (Id.).

**DISCUSSION**

Petitioner has a significant due process interest in being released, as he has lived for over three years in the United States during which he has worked to support his wife and two young children. See Zadvydas v. Davis, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); Morrissey v. Brewer, 408 U.S. 471, 482 (1972) (a parolee's liberty is "valuable" since it "enables him to do a wide range of things open to persons who have never been convicted of any crime," such as being employed, spending time with family and friends, and "form[ing] the other enduring attachments of normal life"); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner had substantial private interest

"in remaining in her home, continuing her employment, providing for her family, obtaining necessary medical care, maintaining her relationships in the community, and continuing to attend her church"). In contrast, Respondents have failed to identify any significant government interest in detaining Petitioner at this time. He has complied with all the conditions of her release, has no criminal history, and poses no apparent danger to the community or flight risk. In light of these circumstances and Respondents' non-opposition, Petitioner merits immediate release from detention, among other relief.

**ORDER**

Accordingly, the Court GRANTS the Petition, and ORDERS Respondents to release Petitioner Nazim Ruziev (A# 241-024-957) from immigration detention immediately, under the same conditions

\\

\\

\\

\\

\\

\\

to which he was subject prior to his current detention. Respondents also shall file a "Notice of Release" within three days of the date of this Order. Additionally, Respondents are enjoined from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 2, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE